FRED L. EDWARDS

*vs.*

CLARENCE A. HALL.

Oxford.   Opinion, May 2, 1945.

*Peter M. MacDonald,*

*Gerry Brooks,* for the plaintiff.

*George A. Hutchins,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

PER CURIAM.   This was an action on an account annexed which sets forth certain payments made by the plaintiff to the

defendant amounting to $775, and charges for certain lumber amounting to $903.25 making a total of $1,678.25. The defendant filed an account in set-off showing money paid out by the defendant for cutting, hauling and yarding pulp wood in the sum of $907.51, cost of building a truck road $37.50, payments for social security $5.87, cash price for trucking, plowing, roofing paper and sundries $27.54, making a total of $978.42. There is a credit of $12.58, leaving a balance claimed to be due on the account in set-off of $965.84.

The case was submitted to referees who allowed the items amounting to $775 on the plaintiff's account, and charged the defendant with $64.50, being the value of certain wood taken by the defendant with the consent of the plaintiff, making a total allowed on the plaintiff's account of $839.50. They disallowed all other items. On the account in set-off they disallowed the charge of $37.50 and $27.54 and allowed all other items, leaving a balance of $900.80. They therefore found a balance due the defendant of $61.30, being the difference between $900.80 allowed on the account in set-off and $839.50 allowed to the plaintiff.

The plaintiff filed written objections, twenty-two in number, to the acceptance of the report. The presiding justice overruled the objections and accepted the report. The case is before us on exceptions to these rulings.

The referees found that the defendant acted as agent for the plaintiff in certain lumbering operations and the main issue concerns the claim of the plaintiff that the defendant appropriated without right certain lumber belonging to the plaintiff valued at approximately $900. The lumbering operations took place during the winter of 1937-1938. There are many items in the accounts and there is a record of over five hundred pages. It was peculiarly a case to be heard by referees whose judgment on facts is final if supported by

any credible evidence. *Benson* v. *The Inhabitants of the Town of Newfield*, 136 Me., 23, 1 A., 2d., 227. Many of the objections filed by the plaintiff involve rulings by the referees on issues of fact. This applies to the following objections: 2, 3, 6, 7, 8, 9, 16, 18, 20, 21 and 22. There was credible evidence supporting the findings of the referees on these issues. The first objection relates to the referees' refusal to rule that it was the duty of the defendant to keep true and correct accounts. In view of their finding that the defendant did keep such accounts, a ruling as to the duty to keep them was superfluous. The fourth objection was to the refusal of the referees to rule that it was the duty of the defendant not to commingle his wood with that of the plaintiff. A ruling to this effect was superfluous in view of the finding that there was no such commingling. The fifth objection was to the refusal to rule as to the defendant's duty as agent. In view of the general finding that the defendant performed his fiduciary obligation to the plaintiff, a ruling on this point was likewise superfluous. The tenth objection to a refusal of the referees to rule assumes unfaithfulness by the defendant which the referees found did not exist. The eleventh objection is without merit because it assumes as a fact what the referees have found was not true. Objections 12, 13, 14 and 15 involve mere generalities or are based on false assumptions of fact. Objection 17 assumes that the referees have made an inconsistent finding. We see no inconsistency. Objection 19 charges that the referees erred in not charging the defendant for wood trucked from plaintiff's lot to the home of Alton Hutchinson. There was evidence to support the refusal of the referees so to rule.

The objections filed by the plaintiff are without merit and the ruling of the presiding justice in accepting the report was correct.

*Exceptions overruled.*